## TOOR v. WESTOVER.
### Civ. No. 10461.

United States District Court
S. D. California, Central Division.
Aug. 21, 1950.

Zagon, Aaron, Sandler and Schwartz, Gale & Bloom, Raymond C. Sandler, all of Los Angeles, Cal., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Philip R. Miller, Sp. Assts. to Atty. Gen., Ernest A. Tolin,

U. S. Atty., Edward R. McHale, Asst. U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the defendant that the plaintiff take nothing by his complaint; findings and judgment to be prepared by counsel for the defendant under Local Rule 7.

### Comment.

While the hearing in this case resulted in a voluminous record, and extensive briefs have been filed by both sides, the problem is rather simple. It is this: Did the trust agreement entered into by the plaintiff as manager of the marital community property with the Beverly Hills National Bank and Trust Company, as Trustee under trust instrument created for the benefit of his two minor children, Bruce Alan Toor and Barbara Lee Toor, Trust Nos. 774 and 775, and the limited partnership of the same date created by agreement between Herbert E. Toor and the bank, entitle the plaintiff to deduct from the income for certain years the income from the two trusts which he set up for his children under Sec. 181 of the Internal Revenue Code, 26 U.S.C.A. § 181?

The Commissioner held otherwise and assessed, and the Collector collected, deficiency assessments not limited to the individual income of the plaintiff, but covering the entire income of the partnership as though earned by him.

Three recent cases decided by the Supreme Court lay down the rules which govern the determination of the existence or non-existence of a family partnership: Commissioner of Internal Revenue v. Tower, 1946, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner of Internal Revenue, 1946, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Commissioner of Internal Revenue v. Culbertson, 1949, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

Cases in the lower courts decided before these cases are not helpful, and those decided since are mere attempts to apply the teachings of these cases to particular situations.

The chief cases on which the taxpayer relies are in one or another of these categories. See, Commissioner of Internal Revenue v. Greenspun, 5 Cir., 1946, 156 F.2d 917; Thomas v. Feldman, 5 Cir., 1946, 158 F.2d 488; Greenberger v. Commissioner, 7 Cir., 1949, 177 F.2d 990; Harris v. Commissioner, 9 Cir., 1949, 175 F.2d 444, reversing Harris v. Commissioner, 10 T.C. 818.

The three Supreme Court cases referred to, Tower, Lusthaus, and Culbertson, lay down certain criteria by which the existence of a partnership for tax purposes may be determined.

In the language of the Culbertson case, the existence of the partnership for tax purposes is to be determined by a consideration of all the facts, that is,

(1) The agreement,

(2) The conduct of the partners in execution of its provisions,

(3) Their statements,

(4) The testimony of disinterested persons,

(5) The relationship of the parties,

(6) Their respective abilities and capital contributions,

(7) The actual control of income and the purposes for which it is used, and

(8) " * * * any other facts throwing light on their true intent".

From all these, the trier of facts is to determine whether "the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." Commissioner of Internal Revenue v. Culbertson, supra, 337 U.S. at page 742, 69 S.Ct. at page 1214.

The Supreme Court does not tell triers of fact which of these elements to emphasize. And in studying these three cases and

the other cases decided by the lower courts since these decisions were rendered, it is to be noted that in each of the cases the presence or absence of one or more of these elements, such as contribution of capital or contribution of services, was either emphasized or disregarded, and that, on appeal, the higher court was called upon to determine whether such emphasis or disregard warranted the particular finding.

In the Harris case, for instance, the tax court had considered the absence of capital contribution in a family corporation as sufficient to determine the matter. In the Greenberger case, decided after the Culbertson case, the lower court had disregarded the capital investment as unimportant in producing the income and had based its finding upon the fact that the wife and the trustees did not perform any services for the business during the taxable year. As against this, the Court of Appeals found that the capital investment in the trust had been earned by the petitioner and wife when the trust was created, that they retained no dominion or control over it, and that the income from such trust property as had been received was invested by the trustees in accordance with their trust obligations. As the family was operating as a corporation prior to the establishment of the partnership, the Court of Appeals held that the change to a partnership was bona fide, and that the income from it should be taxed individually to each of the partners in accordance with Sec. 181 of the Internal Revenue Code.

In Lamb v. Smith, 3 Cir., 1950, 183 F.2d 938, the taxpayer had purchased his brother's interest in a partnership which they had operated for some twenty-four years. For eight years thereafter, he operated it as the sole proprietor. Having reached the age of sixty-five, and desiring to reward his son, who had been his employe since he bought out his partner, and to give to his wife and two married daughters the benefits from the business while yet living, he formed a limited partnership. The Commissioner determined that there was no *genuine partnership* for tax purposes between the taxpayer and his wife and daughters.

In an action to recover the taxes paid, the District Court submitted two questions to the jury which found that (1) the gifts to the wife and daughters were not conditioned upon their putting the money back in the business, and (2) all the parties truly intended to join together for the purpose of presently carrying on the business and sharing in its profits.

The money which the wife and daughters had invested in the partnership was given to them by the taxpayer. The profits derived were apportioned each year to the wife and daughters, who used the money for their own purposes.

In applying the criteria laid down by the cases just discussed, the Court of Appeals stated: "The finding of fact that there is (or is not) a partnership by the trier of fact (Tax Court or jury) if supported by the evidence, is final. Davis v. Commissioner of Internal Revenue, 3 Cir., 1947, 161 F.2d 361". 183 F.2d at page 942.

So, here again, we find that, *on the particular facts, the trier of fact had concluded that the partnership was genuine.* But it is to be noted that neither in the opinion of the court, nor in the questions propounded to the jury (which are set out in Note 5, 183 F.2d at page 942 of the opinion) did (1) the manner of control of the business by the taxpayer or (2) control of the income before its distribution (3) or control of the fact whether distribution shall be made at all, come in the case. So this case is not authority for the contention made here that the mere fact that the limited partners (1) made a contribution to the capital of the partnership and (2) that the profits were appropriated by them and used for their own benefit, compels, *in all instances,* a finding of genuine partnership. Contributions of capital, control of income for the purposes for which it is used are, under Commissioner of Internal Revenue v. Culbertson, supra, only *some* of the criteria to be used in determining the question. See Commissioner of Internal Revenue v. Tower, supra, 327 U.S. at page 287, 66 S.Ct.

532; Lamb v. Smith, supra, 183 F.2d at page 942.

Concededly, other factors such as the nature of the agreement, the relationships of the parties, the conduct of the partnership and the execution of the provisions of the agreement and other factors such as control and use of income before distribution or the absence of compulsory periodical apportionment of income may spell such control as to show the absence of genuine partnership. See Commissioner of Internal Revenue v. Culbertson, supra, 337 U.S. at pages 741-745, 69 S.Ct. 1210.

▆▆ Granting that a limited partnership may be created, California Corporations Code, Sections 15507-15518, so as to benefit by the provisions of Sec. 181 of the Internal Revenue Code, I am of the view that the creation of the limited partnership here under consideration did not in any way change the control which the plaintiff exercised over the business, that the trustee contributed neither independent money nor services during the existence of the partnership, that its creation and termination was merely the *fiat* of the plaintiff, that the control of its income and the manner of its allocation, the salaries to be received by the plaintiff and the employees, the amount to be paid by the partnership for the rental of property in which the business was carried on,—in brief, the determination of all matters requiring judgment in the management, control of the property and the disposition and allocation of the funds derived from the business, including the amounts to be allocated as profits each year, was so exclusively under the domination of the plaintiff that, to all intents and purposes, the creation of the partnership made no change whatsoever in the manner in which the business had been conducted before.

These conclusions are not only legitimate inferences from the entire record, but are implicit in the testimony given by the plaintiff himself and the trust officer of the bank. Indeed, the plaintiff was more forthright in his statements than the trust officer of the bank. He admitted that even when the trustee was consulted, the consultation was perfunctory, *that assent was expected and given.*

No instance appears where the bank or its representative used independent judgment or suggested any action other than that proposed by the plaintiff. It may well be true that a general partner has the management of the business, but the special partner does not from the mere fact that his liability is limited, cease to have a voice in the management or disposition of the property of the partnership. Here the trustee exercised none of the rights of the partnership, *even by way of advice.* And while the life of the partnership was limited by agreement, the plaintiff was given the right to terminate it upon giving a thirty days' notice of intention to dissolve it, and, upon dissolution, the absolute right is given to the plaintiff to purchase the interest of the trustees at "book" value.

In brief, the entire effect of the establishment of the partnership was merely to permit the children of the plaintiff to receive a certain amount of the income when the plaintiff determined that the income was subject to distribution rather than diversion to other business purposes determined by him.

▆▆ Even if it be conceded that the minor children acquired certain rights which they could enforce through the trustee, the partnership entity was not effective for tax purposes. And the conclusion is warranted that its sole object was to diminish tax liability. While this is permissible, in order that it have such effect, the partnership created must be *real.* The partnership here has none of the indicia of reality, for the main elements which the Tower, Lusthaus and Culbertson cases stress as determinative of the existence of a partnership are *totally absent.*

▆▆ The conclusion just stated disposes of the matter. We add, however, that the trust as originally created was revocable and the amendment to the instrument which became effective on January 13, 1944 could not be retrojected into the past so as to make the original instrument irrevocable

as of the date of the trust's creation. For tax purposes we must take the instrument as written, and as stated at the trial, we can not turn this action into an action to reform an instrument. See, Gaylord v. Commissioner, 9 Cir., 1946, 153 F.2d 408.

Hence the ruling above made.

### Findings of Fact

After trial of this case and after due consideration of all the evidence the Court makes the following findings of fact:

1. At all times mentioned herein, Herbert E. Toor, plaintiff, was and is a resident of Los Angeles, California.

2. At all times mentioned herein, Harry C. Westover, defendant, has resided and now resides in the Southern District of California within the jurisdiction of this Court. The defendant was Collector of Internal Revenue for the Sixth District of California from July 1, 1943 until after this action was begun.

3. For the fiscal period November 20, 1942 to June 30, 1943, and for the fiscal years ending June 30, 1943 and June 30, 1944, plaintiff caused partnership income tax returns to be filed in the name of an alleged limited partnership, Furniture Guild of California, consisting of himself as general partner and the Beverly Hills National Bank and Trust Company as a limited partner.

4. For the years 1943, 1944, and 1945, the plaintiff and his wife, Florence D. Toor, filed federal income tax returns on a community property basis for each calendar year. And in such returns they included among other income their alleged distributive share of partnership income from the Furniture Guild of California for the fiscal years ending within their calendar years.

5. For the year 1943, plaintiff reported as due $26,802.58 in income taxes and in due course paid this sum to the defendant as Collector of Internal Revenue. On or about November 15, 1948, as a result of a deficiency assessment by the Commissioner of Internal Revenue the plaintiff paid to the defendant as Collector of Internal Revenue $32,710.48 in partial payment of a total of $38,639.08 in additional income taxes and interest assessed by the Commissioner for the year 1943.

6. For the year 1944, plaintiff reported as due $31,215.53 in income taxes and in due course paid this sum to the defendant as Collector. On or about November 15, 1948, as a result of a deficiency assessment by the Commissioner of Internal Revenue, plaintiff paid to the defendant as Collector $27,344.42 in additional income taxes and interest for the year 1944.

7. For the year 1945, plaintiff reported as due $37,730.83 in income taxes and in due course paid this sum to the defendant as Collector. On or about November 15, 1948, as a result of a deficiency assessment by the Commissioner of Internal Revenue, plaintiff paid to the defendant as Collector $38,125.80 in additional income taxes and interest for the year 1945.

8. On or about January 15, 1949, plaintiff duly filed claims for refund of the 1943, 1944 and 1945 deficiencies paid by him plus interest. And on August 19, 1949, the Commissioner of Internal Revenue duly rejected such claims.

9. Plaintiff brought this action on October 21, 1949.

10. In this action plaintiff contended that the deficiency assessments were erroneous because: (a) The Commissioner refused to recognize for tax purposes in any of the three years the claimed business partnership between the plaintiff and the Beverly Hills National Bank and Trust Company as trustee, of two trusts for the benefit of plaintiff's two minor children, and taxed the entire business income to the plaintiff's marital community. (b) When the Commissioner refused to recognize the partnership he also refused to recognize the fiscal year computations used on the partnership returns and recomputed the business income in accordance with the plaintiff's own tax returns, which were on the calendar year.

a. The trusts and family partnership

11. On November 20, 1942, plaintiff, as manager of his marital community's property, entered into two trust agreements with the Beverly Hills National Bank and

Trust Company as trustee to create trusts for his two minor children, Bruce Alan Toor and Barbara Lee Toor (Trust Nos. 774 and 775), and at the same time plaintiff and the Bank as trustee executed articles of limited partnership for the sharing of the profits of a furniture manufacturing business theretofore operated by plaintiff under the name of Furniture Guild of California.

12. The trust and limited partnership agreements were presented to the Bank by the plaintiff as one package.

13. Each trust was in the sum of $10,500. The trustee was authorized to invest the trust funds only in businesses in which the plaintiff was a partner or principal stockholder, or in Government bonds. In each trust deed the plaintiff reserved the power to remove the trustee and put another in its place, without limitation.

14. The trust instruments contained no statement that they were not revocable by the grantors. It was not until January 13, 1944 that there were executed amendments to the trust instruments which stated that they were not so revocable.

15. Under the articles of limited partnership, the plaintiff was declared to be a general partner and the Bank as trustee was declared to be a limited partner. The partnership was not to terminate until 1955, and the interest of the limited partner was also stated to be not transferable. But the plaintiff had the right to terminate the arrangement upon giving a thirty day notice of intention to dissolve it and he had the absolute right to purchase the interest of the limited partner at "book" value.

16. Under the articles of partnership, plaintiff retained full charge and control of the entire business and had full power and authority to do any act necessary or convenient with respect to the business.

17. While under the articles of partnership the business profits were to be divided on the books in the ratio of one-sixth to each trust and four-sixths to the plaintiff, the plaintiff had the right to distribute profits at such times and in such amounts as he determined.

18. The trustee contributed neither independent money nor services during the existence of the partnership.

19. The creation of the limited partnership in this case did not in any way change the control which the plaintiff exercised over the business.

20. The creation and the termination of the partnership subsequent to the taxable years were merely the *fiat* of the plaintiff.

21. The control of the business income and the manner of its allocation, the salaries to be received by the plaintiff and the employees, the amount to be paid for the rental of plaintiff's property on which the business was carried on—in brief, the determination of all matters requiring judgment or management, control of the property, the disposition and allocation of funds derived from the business, including amounts to be allocated each year, were so exclusively under the domination of the plaintiff that, to all intents and purposes, the creation of the partnership made no change whatever in the manner in which the business had been conducted before.

22. No instance appears where the Bank or its representatives used independent judgment or suggested any action other than that proposed by the plaintiff. The trustee exercised none of the rights of partnership even by way of advice.

23. The trustee did not exercise dominion and control over the trust corpus in the business and did not influence the conduct of the partnership or the disposition of its income.

24. The nature of the business was such that the plaintiff's personal services, business judgments and skill played an important role in the earning of the business income. But to the extent that capital played a part, because of his control over corpus and income and his retention of so many of the attributes of ownership of the trust corpus in his business, the plaintiff must still be considered to have created the entire business income.

25. The entire effect of the establishment of the partnership was merely to per-

mit the children of the plaintiff to receive a certain amount of the income when the plaintiff determined that the income was subject to distribution rather than diversion to other business determined by him.

26. The plaintiff and the trustee did not act with a business purpose in setting up the limited partnership.

27. The plaintiff and the trustee did not in good faith intend to join together in the present conduct of the business enterprise.

## Conclusions of Law

1. The Court has jurisdiction of this action and of the parties thereto.

2. The plaintiff did not form and carry on as a partnership within the meaning of the Internal Revenue Code during any of the taxable years involved in this case the furniture manufacturing business known as the Furniture Guild of California.

3. The Beverly Hills National Bank and Trust Company as trustee of trusts of the plaintiff's two children was not a partner of the plaintiff within the meaning of the Internal Revenue Code.

4. The plaintiff's income tax upon the income derived from the business operated by him could not be reduced because of the trusts and limited partnership he created for the benefit of his children.

5. The Commissioner of Internal Revenue properly taxed the plaintiff upon his community share of the entire income of the business operated by him under the name of Furniture Guild of California.

6. The Commissioner of Internal Revenue properly disregarded the fiscal year accounting used by the plaintiff on the partnership returns and correctly determined plaintiff's tax upon the basis of calendar years in all of the taxable years involved in this case.

NOTE: *The remaining findings do not relate to the question of partnership, but to other matters. They are not necessary to an understanding of the opinion and are, therefore, omitted. The conclusions of law relating to these matters are also omitted, only those relating to the partnership being reprinted above.*