## SCHLOBOHM v. UNITED STATES.
### No. 13687-Y.

United States District Court
S. D. California, Central Division.

June 23, 1952.

Alfred F. Baughn, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Assts. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The above entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the defendant, that the plaintiff take nothing by his complaint. Costs to the defendant.

Findings and judgment to be prepared by counsel for the defendant under local rule 7.

## Comment

The plaintiff seeks to recover income tax payments allegedly overpaid for the taxable years 1945 and 1946. Timely application for refund has been made.

The whole question involved is whether the Commissioner was right in disregarding the partnership existing between the plaintiff and his wife and their two children. The business carried on by the plaintiff was that of wholesale jobbing and manufacturing, a business dealing with what is known in the trade as "narrow fabrics".

On July 15, 1941, the plaintiff and his wife executed a partnership agreement. On August 1, 1942, the partnership was enlarged by including the two minor children of the parties, Jon H. Schlobohm, aged four years, and Roy O. Schlobohm, aged one year. On March 11, 1943, a petition was filed with the Superior Court of the State of California in and for the County of Los Angeles, for the appointment of the plaintiff as guardian of the two children. Letters of Guardianship were issued on June 4, 1943. Later, on July 27, 1943, an order of court was obtained approving the Articles of Copartnership and ordering it to continue business.

Prior to the establishment of the partnership between the parents and children, each of the spouses owned a half interest in the business. The association with the two minor children reduced their share to a one-fourth interest each.

If the partnership is judged by the criteria laid down by the Supreme Court in Commissioner v. Culbertson, 1949, 337 U.S. 733, 742, 69 S.Ct. 1210, 93 L.Ed. 1659, and applied by me in Toor v. Westover, D.C. Cal.1950, 94 F.Supp. 860, the conclusion is inevitable that its establishment served no business purpose, and to give recognition to it would mean "to exalt artifice above reality". Gregory v. Helvering, 1935, 293 U.S. 465, 470, 55 S.Ct. 266, 268, 79 L.Ed. 596.

The capital which the minors contributed to the partnership was given to them by the plaintiff and his wife. Because of the youth of the children, there could be no expectation that they would actually contribute services to the business at the time or at any predictable future. The Articles of Partnership limited the life of the partnership to five years. At the time of the appointment of the guardian, the ages of the children were given as 4⅚ years and 1⅓ years. So the expiration of the partnership would occur before either child would reach even *teen* age.

The control of the business continued, as before, in the plaintiff. In like manner, he controlled the income. For no profits were turned over at the end of each year to the separate estate of the minors, or invested for them in other enterprises to protect against business failure of this enterprise. As the plaintiff frankly put it, "the profits remained in the business". The plaintiff and his wife each drew Sixty ($60.00) Dollars a week from the partnership.

On May 25, 1944, the plaintiff applied to the Court for leave to amend the Articles of Copartnership so as to allow him 33 per cent of the profits before any profits were allocated *even on paper* to the other partners. After the collector, in 1948, declined to give to the plaintiff and his wife the benefit of the partnership, the plaintiff, on December 6, 1948, petitioned the probate court to terminate the partnership.

Significantly, in the petition it was sought to have the Court declare the partnership *void as of its inception,* and in the alternative, to replace the partnership by a corporation. The Court approved the latter method. It is thus evident that the creation of the partnership was a mere device to reduce tax liability; that the business continued as before to be controlled by the two original partners, the husband and the wife; that the determination as to what was to be done with the profits was left wholly to them. Indeed, the "take"

of the father was increased by modifying the Articles of Partnership so as to allow him one-third of the profits before the children received any. The children did not even have the benefit of the independent advice of an outsider as a guardian.

The probate court was not asked, at any time, to advise as to the manner in which the business was to be conducted. And even when it came to depriving the minors of one-third of the profits, the perfunctory approval of the State Court did not take the place of the independent advice the children would have had had an outsider been made the guardian.

In the circumstances, the partnership was a device initiated to achieve a single result, a reduction of taxation, and was given the *coup de grace* the moment it became apparent that that result could not be achieved. So the situation is of the type that has been repeatedly denied judicial sanction. Toor v. Westover, supra; Tinkoff v. Commissioner, 7 Cir., 1941, 120 F.2d 564; Harkness v. Commissioner, 9 Cir., 1952, 193 F.2d 655.

Hence the ruling above made.