221 F.2d 603
 55-1 USTC P 9393
 Flo PARKER, Appellant,
v.
Harry C. WESTOVER, Individually and as former Collector of
Internal Revenue for the Sixth District of
California, Appellee.
Elgin R. PARKER, Appellant,
v.
Harry C. WESTOVER, Individually and as former Collector of
Internal Revenue for the Sixth District of
California, Appellee.
 Nos. 13922, 13923.
 United States Court of Appeals Ninth Circuit.
 April 18, 1955.
 
 1
 Melvin D. Wilson, Stuart T. Peeler, Eugene T. Garrett, Los Angeles, Cal., for appellant.
 
 
 2
 H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Meyer Rothwacks, Hilbert Zarky, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U.S. Atty., E. H. Mitchell, Edward R. McHale, Asst. U.S. Attys., Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, Los Angeles, Cal., for appellee.
 
 
 3
 Before STEPHENS and CHAMBERS, Circuit Judges, and McLAUGHLIN, District judge.
 
 
 4
 McAUGHLIN, District Judge.
 
 
 5
 Flo and Elgin R. Parker are husband and wife. They formerly were equal partners in the Southern Heater Company. On October 31, 1943, they individually deeded to each of their four minor children a six and one-fourth per cent (6 1/4%) interest in the firm, making each child a one-eighth owner. Elgin R. Parker was appointed guardian of the estates of his children by the Superior Court of the State of California in and for the County of Orange. The appellants and their children, by their father as guardian, signed a partnership agreement on February 25, 1944, effective as of November 1, 1943. In April of 1946 the Southern Heater Company changed from an active manufacturing concern to a passive entity. Its operational assets were transferred to two new corporations in exchange for all of their stock, and its realty was leased to these corporations. In 1948 the Southern Heater Company was terminated. Upon dissolution, its assets were distributed pro rata to the petitioners and the four guardianship estates.
 
 
 6
 In 1947 the Commissioner of Internal Revenue sent to each appellant a deficiency notice with respect to the income tax year 1944 on the ground that the Parker children were not valid partners for tax purposes. These deficiencies were paid, and in 1948 appellants filed claims for refunds. This controversy resulted in a jury trial in January 1950. Judgment was for the Commissioner of Internal Revenue, affirmed on appeal, 9 Cir., 1950, 186 F.2d 49, in a per curiam opinion.
 
 
 7
 In 1949 the Commissioner of Internal Revenue served on each appellant further deficiency notices, with respect to the taxable years 1945 and 1946. The same ground was alleged as for the deficiency of 1944. Payment was made, and appellants filed for refunds in 1950. On August 21, 1951, each appellant brought suit against the Commissioner for refund of these taxes. The lower court dismissed on the grounds of res judicata. Upon appeal both cases are submitted together as the issues of law and fact are identical.
 
 
 8
 Appellants' first point of appeal is upon the ground that res judicata does not apply because in the case at bar the factual situation has been materially altered since the litigation of 1950.
 
 
 9
 Res judicata can have the effect of an absolute bar to future action where a court of competent jurisdiction has entered a final judgment on the merits of a cause of action. This bar relates to issues which might have been raised in the prior suit, as well as issues actually raised. If a different cause of action subsequently arises between the same parties, the principles of res judicata are applied much more narrowly under the label collateral estoppel. Only those issues of fact and law actually litigated and determined in a prior action are barred from re-litigation. Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; Tait v. Western Maryland Railway Company, 1933, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195; 150 A.L.R. 5; 162 A.L.R. 1204.
 
 
 10
 These principles are applicable in the income tax field. Each year is the origin of a new liability and of a separate cause of action. Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 598, 68 S.Ct. 715. Collateral estoppel itself is applied more strictly in tax cases than others. Gillespie v. Commissioner, 10 Cir., 1945, 151 F.2d 903, 906; Engineers Club of Philadelphia v. United States, 1942, 42 F.Supp. 182, 95 Ct.Cl. 42, certiorari denied, 1942, 316 U.S. 700, 62 S.Ct. 1294, 86 L.Ed. 1769; Griswold, 'Res Judicata in Federal Tax Cases,' 46 Yale L.J. 1320, 1357. As stated in Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at pages 599-600, 68 S.Ct. at page 720, '* * * collateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding'. Henricksen v. Seward, 9 Cir., 1943, 135 F.2d 986, 989, 150 A.L.R. 1, declared: '* * * little repose results from a broad application of the doctrine of res judicata to recurring transactions in the tax field.'
 
 
 11
 In support of their contention that a legal barrier does not preclude this action, appellants urge that the factual situation is different from that previously decided because certain undisputed evidence introduced in the prior case had only minor, collateral relevance there, whereas now it has an important, direct bearing on the validity of the partnership for tax purposes. This evidence pertains to capital contributions by appellants' children in the years 1945 and 1946. However, as long as the jury in the prior trial had this same evidence before it, the stress placed upon such evidentiary facts by counsel or the court does not matter. This is not a 'subsequent modification of the significant facts'. Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 599, 68 S.Ct. at page 720. It is only a change in emphasis. The relevant issues of law and fact are identical with those raised in 1950, and so the bar of collateral estoppel is not lifted.
 
 
 12
 Other new facts pointed to by appellants relate to various recent proceedings in guardianship. All but one is cumulative of evidentiary facts previously presented. They are not new basic facts. They do not alter any evidence presented to the jury in 1950 for its consideration.
 
 
 13
 However, one development in guardianship does give rise to a serious question whether as contrasted to 1950 the basic facts now before the court are significantly different. After receiving notice in 1947 that the family partnership arrangement would not be recognized by the Government for income tax purposes, Elgin R. Parker petitioned the Orange County Superior Court for use of guardianship funds to pay the deficiency tax assessed against the parents. He requested that the court allow him a greater share of the income from the partnership than called for by the terms of the contract. In final argument during the 1950 trial, the Government pointed out that under such an arrangement the parents could denude the children's guardianship accounts of all funds in order to pay taxes (Tr. pp. 164-168). Subsequent to the trial an agreement was reached with the Orange County Superior Court as to the parents' claim against the guardianship funds (Tr. pp. 114, 181-184). Under this plan, if the parents won the 1944 tax litigation, they would return to the guardianship estates the amounts of the children's income tax refunds which they had borrowed, plus interest. If they lost, they would receive from the guardianship estates amounts necessary to apportion taxes among the partners proportionate to their enjoyment of partnership income.
 
 
 14
 Appellee contends that this does not preclude the application of collateral estoppel. He points out that the same ultimate question of fact decided in 1950, namely, that the appellants did not intend a bona fide partnership, is once again directly before the court. Appellee further asserts that this additional evidence does not substantially change the facts with respect to the tax years 1945 and 1946 from those which were before the jury in the case involving 1944.
 
 
 15
 We must disagree. The possibility of a different verdict because of the introduction of evidentiary facts different from those before a court and jury in a prior case is sufficient to surmount the danger of collateral estoppel in an income tax situation. The new evidence need not positively change the character of the case. It need only change the complexion of the significant facts presented to the jury. The settlement of an evidentiary fact question, once in dispute before a jury, which has a significant bearing on the case lifts the bar of collateral estoppel. In a new trial, both the taxpayer and the Government will be in a position to argue to a jury the effect of this new evidentiary fact upon the original partnership agreement.
 
 
 16
 This case must be reversed also for another reason. The lower court held the tax problem confronting it must be governed by the state of the law as it existed during the years the tax deficiency was levied, irrespective of any later change in the law by judicial decision or congressional statute.
 
 
 17
 This is erroneous. In tax cases, a change in the controlling legal principles may make a prior determination obsolete. Collateral estoppel must be confined to situations where applicable legal rules remain unchanged; '* * * a judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable.' Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 600, 68 S.Ct. at page 720. See also Henricksen v. Seward, supra.
 
 
 18
 In 1945 and 1946 the children invested capital in the partnership by reinvesting a large share of their profits. Subsequent to the first trial, Congress amended the Internal Revenue Code to liberalized the tests of validity for family partnerships. The Revenue Act of 1951, § 340(b) inserted 26 U.S.C. § 191, 65 Stat. 511 (1951)[1] into the Code. Section 340(a) amended 26 U.S.C. § 3797(a)(2), 47 Stat. 289 (1932), as amended, 65 Stat. 511 (1951).[2] Section 340(c), 26 U.S.C. § 191 note, 65 Stat. 511 (1951),[3] provided the date when these amendments took effect. Toor v. Westover, 9 Cir., 1952, 200 F.2d 713, 716 held that 'it is proper to refer to the legislative history of that new statute in seeking to arrive at the prior status of the law. See Alexander v. Commissioner, 5 Cir., 1952, 194 F.2d 921. The reports of the congressional committees emphasized that partnership income should be taxed to the real owner of the partnership interest.[4] * * * We believe that this has always been the law.' (Emphasis added.) This amendment to the Internal Revenue Code and the Congressional Committee reports pertaining to it should have been taken into consideration by the lower court.[5]
 
 
 19
 This does not mean that capital contributions are now the only key to solving tax problems arising in family partnership cases. The amendment simply means that capital contributions derived from an inter-family gift must now be regarded as a factor of substantial weight. It still remains only one factor to be taken into consideration, together with all the relevant circumstances. Snyder v. Westover, No. 13,643, 9 Cir., decided December 20, 1954.
 
 
 20
 Reversed.
 
 
 
 [1]
 'In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income, * * *.'
 
 
 [2]
 '* * * 'A person shall be recognized as a partner for income tax purposes if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person."
 
 
 [3]
 'The amendments made by this section shall be applicable with respect to taxable years beginning after December 31, 1950. The determination as to whether a person shall be recognized as a partner for income tax purposes for any taxable year beginning before January 1, 1951, shall be made as if this section had not been enacted and without inferences drawn from the fact that this section is not expressly made applicable with respect to taxable years beginning before January 1, 1951. * * *'
 
 
 [4]
 "* * * Your committee's amendment makes it clear that, however the owner of a partnership interest may have acquired such interest, the income is taxable to the owner, if he is the real owner. * * *' Sen.Rep.No.781, 82nd Cong., 1st Sess., § VI A 7 (1951); H.R.Rep.No.586, 82nd Cong., 1st Sess., V M (1951).'
 
 
 [5]
 The principles set forth therein were recognized by the Bureau of Internal Revenue, Mim. 6767, Cum.Bull.1952-1, pp. 111, 116, 117, under the heading 'Motive and Business Purpose.'