Elgin R. PARKER, Plaintiff,

v.

Harry C. WESTOVER, Individually and as Former Collector of Internal Revenue for the Sixth District of California, Defendant.

Flo PARKER, Plaintiff,

v.

Harry C. WESTOVER, Individually and as Former Collector of Internal Revenue for the Sixth District of California, Defendant.

Nos. 13391, 13392.

United States District Court
S. D. California, Central Division.
June 15, 1956.

**934**

Musick, Peeler & Garrett, Los Angeles, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., by Edward R. McHale, Robert H. Wyshak, Asst. U. S. Attys., and Sidney J. Machtinger, Sp. Atty., I. R. S., Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The above entitled cause heretofore tried, argued and submitted is now decided as follows:

Judgment will be for the defendant, that the plaintiff take nothing by the complaint.

Costs to the defendant. Findings and judgment to be prepared by counsel for the defendant under local Rule 7.

### Comment

This is another family partnership case in which plaintiff seeks to recover income taxes for the fiscal years ending October 31, 1945, 1946, 1947 and 1948. A case involving the tax for the fiscal year ending October 31, 1944, decided by a jury against the taxpayer, was affirmed on appeal. Parker v. Westover, 9 Cir., 1950, 186 F.2d 49.

When the present case first came before me, on being informed that no new facts existed for the years under consideration, I sustained 'without the taking of any testimony' the plea of the Government that the judgment as to the year 1944 was *res judicata*. That ruling was reversed on appeal. Parker v. Westover, 9 Cir., 1955, 221 F.2d 603. The case has now been tried and the facts fully presented and argued. They appear in the Findings printed as Appendix A, at the end of this opinion.

There is a tendency in some Courts of Appeals to assume that because of the liberalization of the rule of partnerships contained in the 1951 Amendment to § 191 of the Internal Revenue Code, Internal Revenue Act of 1951, § 340(a), (b) and (c), 26 U.S.C.A. §§ 191, 3797(a) (2), questions relating to partnerships coming into existence *before* the effective date of that Amendment shall be treated by the same criteria which the Amendment set forth. Alexander v. Commissioner, 5 Cir., 1952, 194 F.2d 921; Parker v. Westover, 9 Cir., 1955, 221 F.2d 603, 606–607. However, the Congress, itself, in enacting the more liberalized rule, stated specifically:

"The determination as to whether a person shall be recognized as a partner for income tax purposes for any taxable year beginning before January 1, 1951, shall be made as *if this section had not been enacted* and without inferences drawn from the fact that this section is not expressly made applicable with respect to taxable years beginning before January 1, 1951." § 340(c), 26 U.S.C.A. § 191 note. (Emphasis added.)

So we are back to the general criteria laid down by the Supreme Court in Commissioner of Internal Revenue v.

Culbertson, 1949, 337 U.S. 733, 742–743, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659:

"The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case, but whether, considering all the facts—(1) the agreement, (2) the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, (3) the relationship of the parties, (4) their respective abilities and capital contributions, (5) the actual control of income and the purposes for which it is used, and (6) any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. There is nothing new or particularly difficult about such a test. Triers of fact are constantly called upon to determine the intent with which a person acted." (Numbering added).

■ As stated at the conclusion of the trial, the taxpayer in this case has shown fairness in dealing with the income allocated to the minor children in the partnership. On the whole, however, I am satisfied that if we apply the six criteria laid down in the Culbertson case, the conclusion must be that the partnership was not created to fulfill any legitimate business purpose, that the business continued to be controlled by the parents who created it, and that, despite compliance with state law and periodical re-

ports of the father, as guardian, the partnership, cannot, for tax purposes, be considered as entered into in good faith. See, Schlobohm v. United States, D.C.1952, 105 F.Supp. 593; Helvering v. Clifford, 1950, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Toor v. Westover, 9 Cir., 1953, 200 F.2d 713; Snyder v. Westover, 9 Cir., 1954, 217 F.2d 928, 935.[1]

Hence the ruling above made.

## Appendix A

### Findings and Judgment

The above-entitled cases were consolidated for trial and came on regularly for hearing before the Court without the intervention of the jury on May 1, 1956, and trial was concluded on May 3, 1956, the Honorable Leon Yankwich, Chief Judge, presiding. Plaintiffs were represented by their counsel, Musick, Peeler and Garrett through Melvin D. Wilson and John P. Pollack and the defendants were represented by their counsel, Laughlin E. Waters, United States Attorney for the Southern District of California, Edward R. McHale, Assistant United States Attorney, Chief, Tax Division, Robert H. Wyshak, Assistant United States Attorney, and Sidney J. Machtinger, Attorney, Internal Revenue Service. The Court having heard and considered all of the evidence and having read and considered the briefs submitted by each side, makes the following findings of fact and conclusions of law:

### Findings of Fact

#### I

Plaintiffs Elgin R. Parker and Flo Parker are husband and wife and are residents of the State of California,

---

[1.] Since this opinion was written the Court of Appeals for the Ninth Circuit in Smith v. Westover, 237 F.2d 201, decided July 23, 1956, sustained the judgment in another family partnership case in which the facts were very similar to the facts in this case. The following language of the opinion is very pertinent to the situation here:

"Furthermore, it *would seem that an obvious device of this sort by husband and wife to provide for the future of their minor children without any business purpose* involved *should not be sanctioned.* This business had been operated as community property and was under the control of the husband. The capital which was taken out for the purpose of making it under the sole control of the husband was paid back in and the wife and children given ostensible interests for no apparent purpose *except to build up an estate in the children at the expense of the United States. We think the law does not require us to sanction such an obvious device."* 237 F.2d 201. (Emphasis added.)

County of Los Angeles, within the jurisdiction of this Court. Plaintiffs in these actions seek refunds of income taxes paid for the calendar years 1945, 1946, 1947 and 1948, in the total amount of $282,164.96.

II

Plaintiffs timely filed claims for refund of the taxes sought to be recovered herein and timely filed suits for refund after rejection of such claims on behalf of the Commissioner of Internal Revenue.

III

Since the late nineteen thirties, plaintiff Elgin R. Parker had been engaged in a business known as Southern Heater Company. This business consisted of the manufacturing and selling of gas water heaters. Commencing in November, 1942 and until October 31, 1943, this business was operated as a partnership by the plaintiffs with each of them owning a one-half interest therein.

IV

Plaintiff Flo Parker rendered no services whatsoever to this partnership. Starting with little capital, plaintiff Elgin R. Parker had increased the income of the Southern Heater Company from the date of its inception in the late nineteen thirties until October 31, 1943 so that for the fiscal year ended October 31, 1943 the Southern Heater Company showed a net profit of $193,000. Plaintiffs on November 1, 1943 had four children, Flo Diane Parker, Patricia Lee Parker, Roland Tibbets Parker and Arthur Elgin Parker, who then were 14, 11, 6 and 3 years old, respectively. In 1945 plaintiffs had a fifth child who is not involved in the instant cases. On October 31, 1943, Elgin R. Parker and Flo Parker, by written deeds of gift, each gave to each one of their then four minor children an undivided one-eighth interest in the partnership then conducted by the parents under the name of Southern Heater Company. This left the parents with a one-fourth interest each in the Southern Heater Company and the children with a one-eighth interest each. Federal gift tax returns were filed by the donors for the year 1943 reporting the gifts to the four children and gift taxes paid.

V

On November 1, 1943 Elgin R. Parker petitioned the Superior Court of Orange County, California wherein the plaintiffs were then residing, for an appointment of himself as guardian of the assets of his four children, which had been transferred to these children by the deeds of gift. This petition was granted and an order appointing the father as guardian of his children was made by the Superior Court on December 31, 1943. After his appointment as guardian, Elgin R. Parker, with the consent of the Superior Court, entered into a general partnership agreement between himself as guardian of his four children, himself as an individual, and his wife, Flo Parker, for the purpose of carrying on the business of the Southern Heater Company. This general partnership agreement was effective November 1, 1943, the day after the deeds of gift to the children. The business of the Southern Heater Company was continued after November 1, 1943 in the same place with the same capital under the same management of Elgin R. Parker.

VI

Subsequent to the formation of the partnership on November 1, 1943 the net income of the Southern Heater Company was as follows:

| Fiscal Year Ended | Income |
| --- | --- |
| October 31, 1944 | $263,928.92 |
| " " 1945 | 229,646.15 |
| " " 1946 | 307,983.48 |
| " " 1947 | 26,696.66 |
| " " 1948 | 57,629.12 |

VII

Despite the large partnership earnings and profits during the years in question the only disbursement to the guardianship estate out of the business profits was a disbursement of $3,750 in United States war bonds to each of the four children during the year 1945. At the termination of the part-

nership on October 31, 1948, the only assets which the children had in their guardianship estates were stocks in various corporations, and notes given by the plaintiffs for monies borrowed by the parents from the guardianships. The corporations had been formed in 1946 and succeeding years to take over certain partnership assets and operations in exchange for their stock which the partnership held.

## VIII

Neither the children nor Flo Parker contributed any services to the partnership at any time, nor did they participate in the management or control thereof.

## IX

Although Elgin R. Parker, as guardian of the children's estates, filed annual reports with the Superior Court, he exercised sole control in the operation of the Southern Heater Company and subsidiary corporations. Permission of the Superior Court was neither sought nor obtained for the operation of the business. At no time was any act of Elgin R. Parker as guardian in the guardianship proceedings opposed by any party nor was any petition or request by him to the Superior Court denied.

## X

All of the capital used in the operation of the business of the Southern Heater Company came from the operations and profits of the company. None of the capital originated from sources outside the business. Neither Flo Parker nor the children contributed any capital towards the operation of the business. The amount of capital in the business was not changed in any way because of the creation of the guardianships or because of the deeds of gift to the children on October 31, 1943. Although Elgin R. Parker ostensibly represented the children as their guardian, he did not operate the business after November 1, 1943 in any manner different from the way it had been operated prior to November 1, 1943.

## XI

Plaintiffs had no business purpose in making the deeds of gift to their children or in the creation of the general partnership. Plaintiffs' sole, expressed purpose was to help the children and to provide an inducement for the children to enter the business of the family. This expressed purpose is not credible and lacks foundation when considered in light of the fact that plaintiffs created a general partnership which rendered the entire interest of the children subject to claims of creditors and in light of the tender ages of the children during the period of the partnership involved herein. To this date none of the plaintiffs' children has actively entered into the business of the plaintiffs or even expressed a determination so to enter the business when he is of age.

## XII

The creation of the general partnership following the deeds of gift to the children of an interest in the going business affected the titular ownership of the business and the legal form but not the economic substance thereof. The additional partners after October 31, 1943 had no business effect whatsoever on the operation of the Southern Heater Company.

## XIII

Overassessments of the taxes paid by the guardianship estates for the calendar years 1944 through 1948 were made by the Commissioner of Internal Revenue, when he determined that all income earned by the Southern Heater Company during those years was taxable to the parents and that the partnership arrangement was merely a reallocation of income within the family group.

## XIV

Plaintiffs, with the approval of the Superior Court, borrowed the refunds due the children and applied them toward the additional taxes resulting from the Commissioner's determination. Notes were issued therefor.

## XV

During the fiscal years ended October 31, 1945, 1946, 1947 and 1948 the income of the Southern Heater Company was produced entirely as the result of the personal services of Elgin R. Parker and of the capital which the Southern Heater Company had at the commencement of the partnership and which was additionally accumulated from retained earnings. Capital was not a material income-producing factor of the Southern Heater Company during the years involved.

## XVI

All of the income from the partnership business allocated to the guardianship estates for the Parker children was earned by Elgin R. Parker. The partnership made no real change in the economic or financial status of the Parker family.

## XVII

During the years 1944, 1945 and 1946 Elgin R. Parker received a salary of $12,000 from the partnership for services rendered in its behalf. In a statement filed with the Superior Court in the guardianship proceeding Elgin R. Parker's attorney on his behalf stated that "the father received a salary of but $12,000, whereas the services were worth at least $52,000 per year".

## XVIII

Considering all of the facts—the deeds of gift, the partnership agreement, the conduct of the parties, the execution of the provisions of these gifts and agreement, statements and testimony of the witnesses, the relationship of the parties, their respective abilities and capital contribution, the actual control of the income allocated to the guardianship estates and all other facts throwing light on their true intent, the parties did not in good faith and acting with a business purpose intend that the guardianship estates should join together with the plaintiffs herein in the present conduct of the partnership enterprise known as the Southern Heater Company.

## XIX

Each and every conclusion of law which is deemed a finding of fact is hereby found as a fact.

From the foregoing findings of fact the Court draws the following:

### Conclusions of Law

#### I

The Court has jurisdiction of these actions and of the parties thereto.

#### II

During the fiscal years ended October 31, 1945, 1946, 1947 and 1948, neither Elgin R. Parker, as guardian for his children, Flo Diane Parker, Patricia Lee Parker, Roland Tibbets Parker and Arthur Elgin Parker, nor his said children were partners in the operation of the business known as the Southern Heater Company within the meaning of the Internal Revenue Code. None of the income from said business should be attributed to Elgin R. Parker as guardian of the estates of the above-named children or to the children themselves.

#### III

Plaintiffs have not sustained their burden of proving that during the fiscal years ended October 31, 1945, 1946, 1947 and 1948, plaintiffs Elgin R. Parker and Flo Parker in good faith and acting with a business purpose intended that their children or Elgin R. Parker as guardian of the estates of his four children join together with them as a partner in the present conduct of the Southern Heater Company.

#### IV

Plaintiffs have not proved that a business purpose existed for the inclusion of their children or Elgin R. Parker, as guardian of the estates of his four children, as a partner with them in the business of the Southern Heater Company.

#### V

Plaintiffs did not over pay their Federal income taxes for the years 1945, 1946, 1947 and 1948.

## VI

· Neither of the plaintiffs is entitled to recover anything on the complaints herein, and judgments should be entered dismissing the complaints with prejudice, the defendants to have judgments for their costs.

## VII

Each and every finding of fact which is deemed a conclusion of law is hereby found as a matter of law.

### Judgment

In accordance with the foregoing findings of fact and conclusions of law, it is hereby ordered, adjudged and decreed:

That the plaintiffs take nothing by their complaints; that the complaints may be and are dismissed with prejudice and that the defendants have judgment for and shall recover from plaintiffs the amount of their costs to be taxed by the clerk of this court in the sum of $20 in each case.