[L. A. No. 17391.   In Bank.—July 18, 1940.]

G. E. ELLINGSON, as Receiver, etc., Respondent, v. WALSH, O'CONNOR & BARNESON (a Copartnership) et al., Defendants; LIONEL T. BARNESON, Appellant.

Ackerman, Wayland & Mathews for Appellant.

Rollin L. McNitt and Edythe Jacobs for Respondent.

GIBSON, C. J.—This is an action against a partnership and its members for rent due under a written lease. The case was submitted upon an agreed statement of facts. Judgment was rendered against the partnership and all general partners, and from this judgment Lionel T. Barneson, one of the general partners, appeals. Appellant admits his liability for rent, but contends that the obligation therefor arose before his admission to the partnership, and that under section 2411 of the Civil Code this liability must be satisfied only out of partnership property.

On October 4, 1929, the First National Corporation, as lessor, let the premises in question to Walsh, O'Connor & Company, a special partnership, as lessee, for a period of ten years, at a total rental of $66,000, payable in monthly instalments of various amounts. In September, 1930, the original lessor assigned the lease to the First National Bank of Beverly Hills, of which plaintiff is receiver. In December, 1930, the limited partnership of Walsh, O'Connor & Barneson was formed, and all of the rights of the original lessee were assigned to the new partnership, which thereafter occupied the premises and paid rent to the bank as lessor.

On April 21, 1931, H. J. Barneson withdrew as a general partner. On April 28, 1931, appellant Lionel T. Barneson was taken in as a general partner, and ever since has enjoyed all of the rights and privileges and assumed the obligations as a general partner of said partnership. In February, 1932, the partnership, pursuant to written consent obtained from the lessor, sublet the premises to a third party who was in possession all of the time for which rental is sought to be recovered. The sublessee paid rent to the partnership. During the period between April, 1931, and March, 1932, the partnership paid the full rent due under the lease to the lessor. The judgment herein is for rent claimed to be due for the period commencing March 1, 1932, and ending January 25, 1933, in the sum of $2,374.13, after deducting certain credits and payments. The judgment was a general one against all defendants, with no proviso restricting its enforcement or satisfaction against appellant.

The issue in this case is not the liability of the partnership as such, nor the liability of its assets. There is no doubt whatever that the plaintiff may satisfy his claim against the partnership out of any of its properties. The sole ques-

tion is whether the appellant's liability as an incoming partner may be satisfied by resort to his personal assets.

Section 2411 of the Civil Code (sec. 17 of the Uniform Partnership Act) provides: "A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that his liability shall be satisfied only out of partnership property." It is this section upon which appellant relies, and the interpretation urged by appellant is the sole basis of his case. Appellant contends that since the lease was executed before he became a partner, the obligation of the lease arose before his admission, and therefore his liability can only be satisfied out of partnership property.

This contention would be sound if the only obligation of the partnership in this transaction was one which arose prior to appellant's admission to the firm. For example, if a promissory note had been executed by the partnership for a consideration then passing to it, the obligation would have arisen at the time of execution of the note and the case would plainly be within the statute. ▮ But appellant's contention overlooks the fact that a tenant of real property is not liable for rent solely by reason of the contract of lease. Tenancies in property need not necessarily be created by valid leases. One may become a tenant at will or a periodic tenant under an invalid lease, or without any lease at all, by occupancy with consent. Such tenancies carry with them the incidental obligation of rent, and the liability therefore arises not from contract but from the relationship of landlord and tenant. The tenant is liable by operation of law. Where there is a lease the liability of the tenant arising by operation of law is not superseded by the contractual obligation. Both liabilities exist simultaneously. The lease has a dual character; it is a conveyance of an estate for years, and a contract between lessor and lessee. The result is that dual obligations arise,—contractual obligations from the terms of the lease, and obligations under the law from the creation of the tenancy. As it is sometimes expressed, there are dual obligations arising from "privity of contract" and "privity of estate". (See *Samuels* v. *Ottinger*, 169 Cal. 209, 211 [146 Pac. 638, Ann. Cas. 1916E, 830].)

This dual character of the obligations of a tenant may be illustrated by an assignment of the tenant's right without

any assumption of the obligations by the assignee. The assignee who does not assume is not liable on the lease, that is to say, is not bound by its contractual obligations. But the non-assuming assignee who occupies the premises is liable by reason of his tenancy, and his obligation, arising out of privity of estate, continues at least through the period of his occupancy. Likewise, where the new tenant comes in without even a written assignment, but takes over the possession of the old lessee with the consent of the lessor, he is liable for rent. The liability in such case, as in this case, is not merely for the reasonable value of the use, as would be the case where the tenancy was one at will. The entry and occupation here is under the lease, and despite the lack of contractual assumption of the obligations of the lease, the successor to the original lessee is bound by the covenant to pay rent in the lease, which runs with the land. (See *Bonetti* v. *Treat*, 91 Cal. 223, 229 [27 Pac. 612, 14 L. R. A. 151] ; *First Nat. Bank* v. *Aldridge,* 33 Cal. App. (2d) 485, 490 [92 Pac. (2d) 674] ; *Baker* v. *J. Maier & Zobelein Brewery*, 140 Cal. 530, 534 [74 Pac. 22] ; *Treff* v. *Gulko,* 214 Cal. 591 [7 Pac. (2d) 697] ; see 4 So. Cal. Law Rev. 350.)

Under the above principles, the first partnership, which did not include appellant as a member, was bound by these dual obligations; that is, having expressly assumed the obligations of the lease, it was bound in contract and also by reason of its tenancy. When appellant became a member, the first partnership was, in legal theory, dissolved and a new partnership came into being composed of the old members and appellant. This second partnership did not expressly assume the obligations of the lease, but it occupied the premises. Whether it was liable contractually on the lease is immaterial; it became liable for rent as a tenant. Strangers coming in with consent and occupying the premises would be liable; tenants would be liable even if there were no lease at all; and this second partnership and all its members were liable regardless of any lack of assumption of the obligations of the lease. If this were not true, then the second partnership could have been ousted despite its asserted right to occupy the premises under the existing lease. No one has suggested that the admission of appellant as a partner would have permitted the lessor to terminate the lease. But if the new partnership could not be ousted, it was a

tenant and was liable for rent. And with respect to the liability of a tenant during this period, appellant's position is identical with that of any other member of the new partnership formed when he entered the old association.

■ The only remaining question is whether the section of the Uniform Partnership Act, quoted above, has changed the rule. Appellant's theory is that he, as a member of the second partnership, may receive the benefits of years of occupancy under the lease, but that his personal assets cannot be reached in satisfaction of liability therefor if the lease was executed before he became a member of the partnership. The statute, however, neither contemplates nor accomplishes any such result. The provision refers simply to ''obligations of the partnership arising before his admission.'' The statute does not determine the nature of any particular obligation, nor the time when it may be deemed to arise. It does not attempt, in other words, to interfere with the general rules of contract or property. Under the general law the obligation of a tenant arising from occupation of the premises is a continuing one; that is, it arises and binds him continually throughout the period of his occupation. This obligation on the part of appellant first arose when the new partnership, of which he was a member, occupied the premises as a tenant. It follows that his obligation as a tenant arose after his admission to the partnership and the immunity given by section 2411 does not apply.

The judgment is affirmed.

Shenk, J., Curtis, J., Carter, J., and Edmonds, J., concurred.

Rehearing denied. Houser, J., voted for a rehearing.