[Civ. No. 3073.   Fourth Dist.   May 13, 1943.]

VERNE S. TYLER et al., Respondents, v. BLAKE WILSON et al., Defendants; E. M. WHEATLAND, Appellant.

George D. Blair for Appellant.

John T. Fuller and Frederick E. Stone for Respondents.

BARNARD, P. J.—On July 1, 1940, the plaintiffs leased certain mining property to one Pendell, the lease providing for the payment of a minimum monthly royalty of $250. On August 1, 1940, Pendell, by written agreement, assigned this lease to Blake Wilson and D. S. Bushnell, who assumed and agreed to perform all the covenants of the lease. Blake Wilson and D. S. Bushnell were in possession of the property and, as the court found, operated the same as a general partnership of which they were the sole partners until early in September, 1940.

On September 5, 1940, a certificate of limited partnership was filed in which it was recited that the name of the partnership was to be "Wilson and Bushnell," that Blake Wilson and D. S. Bushnell were general copartners, and that the defendant Wheatland and some nineteen other persons were limited partners, having contributed named amounts and being entitled to named percentages of the profits. No written assignment of the lease was made to this limited partnership by Blake Wilson and D. S. Bushnell and there was no written assumption of its obligations on the part of the new partnership. The new partnership went into possession of the property early in September, 1940, and conducted mining operations thereon until May 1, 1941.

On May 1, 1941, the defendant Wheatland, who held a chattel mortgage on the mining equipment used on the premises, took possession of this equipment under this mortgage and removed the same from the property. On May 6, 1941, Blake Wilson and D. S. Bushnell assigned their interest in the lease to a corporation which had been organized in April, 1941, with Wheatland as president and Bushnell as secretary. Immediately thereafter this corporation filed a petition in bankruptcy and in August, 1941, the trustee in bankruptcy

sold its interest in the lease. There is no evidence that the limited partnership was in possession of the property or had anything to do therewith after the assignment of the lease to the corporation on May 6, 1941.

In this action which followed the plaintiffs sought to recover $1000 covering the four monthly payments provided for in the lease from May to August, 1941, inclusive. They also sought to recover on two book accounts for $981.85 and $82.39, respectively, which had been assigned to them by third parties who had sold merchandise to the partnership. The action was brought against Blake Wilson, D. S. Bushnell, E. M. Wheatland and Warren Wilson, individually, and as general partners of the limited copartnership of "Wilson & Bushnell" and the partnership itself. The complaint alleged the assignment of the lease to Blake Wilson and D. S. Bushnell and the assumption by them of its obligations; that they went into possession on August 1, 1940, and operated as a general copartnership with themselves as sole partners until September 1, 1940; that subsequent to their taking possession and on September 1, 1940, the defendants formed a limited copartnership known as "Wilson & Bushnell", with Blake Wilson and D. S. Bushnell as general partners and E. M. Wheatland as a limited partner; that on March 10, 1941, E. M. Wheatland and Warren Wilson assumed and participated in the general management of the general copartnership and they are now and at all times have been, since the formation of the general partnership, general copartners. The court found that on March 10, 1941, the defendant Wheatland assumed and participated in the general management of this limited copartnership, that Warren Wilson did not assume or participate in any such management and that since March 10, 1941, D. S. Bushnell, E. M. Wheatland and Blake Wilson have been general copartners in the limited partnership. As a conclusion of law, the court found that the plaintiffs were entitled to a judgment against E. M. Wheatland for the amount sued for. A judgment for $2064.24 was entered against Wheatland alone and he has appealed.

The appellant first contends that there is no evidence to support the findings that the limited partnership acquired the interest of Blake Wilson and D. S. Bushnell in this lease, that the limited partnership went into possession of the

property under this mining lease, and that the limited partnership assumed and for a period of time performed the terms and conditions of the lease, including the payment of the minimum rent or royalty. While there is no evidence that this lease was ever formally assigned to the limited partnership by Blake Wilson and D. S. Bushnell the evidence clearly shows that the limited partnership, of which Blake Wilson and D. S. Bushnell were originally the general partners, entered into possession of the property early in September, 1940, and continued in such possession until about May 1, 1941, conducting mining operations thereon, and that the monthly payments required by the lease were all made from September, 1940, to and including April, 1941. So far as they are material here, these findings are sufficiently supported by the evidence.

It is further urged that there is no evidence to support the finding that from and after March 10, 1941, the appellant assumed and participated in the general management of this limited copartnership. While the appellant and certain witnesses testified to the contrary there is other evidence which abundantly supports the finding insofar as his participation in the management is concerned between March 10 and May 6, 1941.

▇▇▇ While it clearly appears, insofar as this appeal is concerned, that the appellant became liable as a general partner in this limited partnership on and after March 10, 1941, it does not follow that he was liable for all of the monthly payments called for by the lease between May and August, 1941. The limited partnership had not assumed or agreed to perform the obligations of the lease. The general rule is that an assignee of a lease is liable for rent only so long as he remains in possession of the property, where there is no covenant on his part to pay the rent (*Lesser* v. *Pomin,* 3 Cal. App.2d 117 [39 P.2d 451]). The respondents rely on *Ellingson* v. *Walsh, O'Connor & Barneson,* 15 Cal.2d 673, [104 P.2d 507], in support of their contention that the limited partnership was liable for the monthly payments called for by this lease during the four months period here in question. While the court there held that where a limited partnership acquired the rights of an original lessee and thereafter occupied the premises and paid the rent a person who thereafter became a general partner of said limited partnership was personally liable for rent of the premises, that case involved a situation

where the limited partnership was still in possession of the premises through a subtenant during the period in question, and the court further pointed out that a nonassuming assignee who occupies the premises is liable by reason of his tenancy and that his obligation arising out of privity of estate "continues at least through the period of his occupancy." It has frequently been held that an assignee of a lease who is in possession of the land but who has not assumed or agreed to perform the conditions of the lease is liable for the rent so long as he remains in possession but not thereafter. (*Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal.2d 232 [73 P.2d 1163]; *Treff* v. *Gulko,* 214 Cal. 591 [7 P.2d 697].) The rules laid down in the latter cases are applicable here. While the appellant was liable as a general partner after March 10, 1941, the limited partnership, in which he became a general partner, had not assumed or agreed to perform the obligations of the lease and the liability of the limited partnership for the monthly payments provided for in the lease continued only so long as the limited partnership remained in possession of the premises. It clearly appears from the evidence that their possession of the premises ceased at least on May 6, 1941, when the lease was assigned to the corporation which had been formed. At that time the monthly payment called for by the lease for the month of May, 1941, was due and the appellant was liable therefor. It follows, however, from what we have said that he was not personally liable for the monthly payments which became due during the ensuing three months, during which time the limited partnership was not in possession of the premises. That portion of the judgment covering these monthly payments must, therefore, be reduced by deducting therefrom $750 which became due after the limited partnership went out of possession of the property.

In a second cause of action it was alleged that subsequent to September 1, 1940, the defendants became indebted to a certain hardware company for goods sold in the sum of $82.39. In a third cause of action it was alleged that subsequent to August 10, 1940, the defendants became indebted to a certain lumber company for goods sold with a balance of $981.85 remaining due. The court found all of these allegations true and also found that these amounts were owed by the appellant Wheatland. With respect to the first

of these items the evidence shows that there was an open book account charged to "Wilson & Bushnell," the first item having been sold on September 17, 1940, and the last item on November 12, 1940. With respect to the lumber bill there was also an open book account charged to "Wilson & Bushnell," the first item being dated August 10, 1940, and the last item February 4, 1941. Nine payments thereon were made ranging from August 10, 1940, to February 19, 1941. The court found that on or about March 10, 1941, the appellant Wheatland "assumed and participated in the general management of said limited co-partnership" and has since been a general copartner. The evidence sustains this finding and it follows that he was not personally liable for the amounts involved in the second and third counts, these obligations having been created prior to the time he became a general partner. (Civ. Code, sec. 2411.) We can find no evidence in the record which sustains the finding that these amounts were owed by the appellant Wheatland.

The judgment is modified by reducing the same to $250 and, as so modified, it is affirmed. Each party to pay his own costs on appeal.

Marks, J., and Griffin, J., concurred.