[Civ. No. 3671.   Fourth Dist.   July 23, 1948.]

LAWRENCE HOLZMAN, as Trustee, etc., Respondent, v. RICARDO DE ESCAMILLA et al., Defendants; JAMES L. RUSSELL et al., Appellants.

Arthur F. H. Wright for Appellants.

Edgar A. McNulty for Respondent.

MARKS, J.—This is an appeal by James L. Russell and H. W. Andrews from a judgment decreeing they were general partners in Hacienda Farms Limited, a limited partnership, from February 27 to December 1, 1943, and as such were liable as general partners to the creditors of the partnership.

Early in 1943, Hacienda Farms Limited was organized as a limited partnership (Civ. Code, §§ 2477 et seq.), with Ricardo de Escamilla as the general partner and James L. Russell and H. W. Andrews as limited partners.

The partnership went into bankruptcy in December, 1943, and Lawrence Holzman was appointed and qualified as trustee of the estate of the bankrupt. On November 13, 1944, he brought this action for the purpose of determining that Russell and Andrews, by taking part in the control of the partnership business, had become liable as general partners to the creditors of the partnership. The trial court found in favor of the plaintiff on this issue and rendered judgment to the effect that the three defendants were liable as general partners.

The findings supporting the judgment are so fully supported by the testimony of certain witnesses, although contradicted by Russell and Andrews, that we need mention but a small part of it. We will not mention conflicting evidence as conflicts in the evidence are settled in the trial court and not here.

De Escamilla was raising beans on farm lands near Escondido at the time the partnership was formed. The partnership continued raising vegetable and truck crops which were marketed principally through a produce concern controlled by Andrews.

The record shows the following testimony of de Escamilla:

"A. We put in some tomatoes. Q. Did you have a conversation or conversations with Mr. Andrews or Mr. Russell before planting the tomatoes? A. We always conferred and agreed as to what crops we would put in. . . . Q. Who determined that it was advisable to plant watermelons? A. Mr. Andrews. . . . Q. Who determined that string beans should be planted? A. All of us. There was never any planting done—except the first crop that was put into the partnership as an asset by myself, there was never any crop that was planted or contemplated in planting that wasn't thoroughly discussed and agreed upon by the three of us; particularly Andrews and myself."

De Escamilla further testified that Russell and Andrews

came to the farms about twice a week and consulted about the crops to be planted. He did not want to plant peppers or egg plant because, as he said, ''I don't like that country for peppers or egg plant; no, sir,'' but he was overruled and those crops were planted. The same is true of the watermelons.

Shortly before October 15, 1943, Andrews and Russell requested de Escamilla to resign as manager, which he did, and Harry Miller was appointed in his place.

Hacienda Farms Limited maintained two bank accounts, one in a San Diego bank and another in an Escondido bank. It was provided that checks could be drawn on the signatures of any two of the three partners. It is stated in plaintiff's brief, without any contradiction (the checks are not before us) that money was withdrawn on 20 checks signed by Russell and Andrews and that all other checks except three bore the signatures of de Escamilla, the general partner, and one of the other defendants. The general partner had no power to withdraw money without the signature of one of the limited partners.

Section 2483 of the Civil Code provides as follows:

''A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business.''

The foregoing illustrations sufficiently show that Russell and Andrews both took ''part in the control of the business.'' The manner of withdrawing money from the bank accounts is particularly illuminating. The two men had absolute power to withdraw all the partnership funds in the banks without the knowledge or consent of the general partner. Either Russell or Andrews could take control of the business from de Escamilla by refusing to sign checks for bills contracted by him and thus limit his activities in the management of the business. They required him to resign as manager and selected his successor. They were active in dictating the crops to be planted, some of them against the wish of de Escamilla. This clearly shows they took part in the control of the business of the partnership and thus became liable as general partners. (*Tyler* v. *Wilson*, 58 Cal.App.2d 583 [137 P.2d 33].)

Judgment affirmed.

Barnard, P. J., concurred.