**PLASTEEL PRODUCTS CORPORA-TION, Plaintiff, Appellant,**

v.

**Clifton E. HELMAN et al., Trustees, Defendants, Appellees.**

No. 5539.

United States Court of Appeals
First Circuit.

Nov. 5, 1959.

John V. Bonner, Boston, Mass., with whom Wasserman & Salter, Boston, Mass., was on the brief, for appellant.

A. Morris Kobrick, Boston, Mass., with whom Mintz, Levin & Cohn, Boston, Mass., was on the brief, for appellees.

Before WOODBURY, Chief Judge, HARTIGAN, Circuit Judge, and SWEENEY, District Judge.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts entered following the allowance of appellees' motions for summary judgment.

Plaintiff, a Pennsylvania corporation, sued appellees, among others, all Massachusetts citizens, as "co-partners doing business as Copley Steel Products Company" for $6,555.29 as unpaid balance for merchandise sold and delivered to Copley. Several of the defendants filed motions for summary judgment on the ground that they were limited partners only, and submitted uncontradicted supporting affidavits.

Appellees Clifton E. Helman, William M. Glovsky and Richard G. Mintz were trustees of the Shirley H. Eisenberg Trust; appellees Clifton E. Helman and William M. Glovsky were trustees of the C.A.S. Trust. Other defendants in the action were Benjamin M. Sriberg and Saul Glassman, who were trustees of the Jeannette W. Sriberg Trust, and Herbert W. Eisenberg. On or about December 29, 1955 an agreement was executed by all the defendants, and a certificate was duly filed with the Secretary of the Commonwealth of Massachusetts purporting to establish a limited partnership to do business as Copley Steel Products Co. By this agreement Herbert W. Eisenberg was to be general partner, contributing services but no cash, and receiving an initial 10% of the net profits; the limited partners were Clifton E. Helman and William M. Glovsky, described as trustees of the C.A.S. Trust; Clifton E. Helman, William M. Glovsky and Richard G. Mintz, described as trustees of the Shirley H. Eisenberg Trust, and Benjamin M. Sriberg and Saul Glassman, described as trustees of the Jeannette W. Sriberg Trust. Provisions in the agreement called for contributions of $100 by the trustees of the Sriberg Trust with a 25% participation in the balance of the profits; and $5,000 by the trustees of the C.A.S. Trust and $5,000 by the trustees of the Eisenberg Trust with 37½% of the balance of the profits to each of the latter two groups. Other provisions named Paul L. Sriberg as general sales manager of the partnership; provided for purchase of the interest of the trustees of the Sriberg Trust if Paul L. Sriberg's employment were terminated; and authorized the exercise of various financial powers by the general partner only when the general partner acted jointly with Paul L. Sriberg. Affidavits of the appellees stated that they have not participated in any business affairs of the limited partnership. Attached to the affidavits were the agreement of December 1955 and an assignment of the interests of the appellees to Herbert W. Eisenberg made on March 15, 1958. An affidavit of Paul L. Sriberg stated that he was willing to serve as an employee of Copley only if he continued as sales manager and a trust for the benefit of his children received an interest in the limited partnership for a nominal investment, and also that his employment was terminable at will by the general partner.

The district court denied the motion for summary judgment by Benjamin M. Sriberg and Saul Glassman, Trustees of the Jeannette W. Sriberg Trust, but allowed the motions for summary judgment of the appellees, on the ground that appellees were limited partners only. Accordingly, a separate judgment under Rule 54(b), F.R.Civ.P., 28 U.S.C.A., was entered for the appellees.

The question of law involved here is whether Mass.Gen.Laws Ann. c. 109, § 7 (Uniform Limited Partnership Act), makes appellees liable as general partners as a result of their execution of the December 1955 agreement. This section reads: "A limited partner shall not be-

come liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business."

Plaintiff-appellant contends that appellees took part in the control of the business by the selection of Paul L. Sriberg as general sales manager and by providing for joint control by him and the general partner of financial aspects of the business.

Appellees contend that the absence of tenure provisions for Paul L. Sriberg negates any purpose of appellees to control the partnership; that the disputed provisions of the agreement evince only a desire for Paul L. Sriberg's services and a willingness both to concede some profits to obtain his services and to allow some protection for the Sriberg Trust interest. Appellees also contend that none of the decided cases interpreting and applying § 7 would support a holding of general liability here.

■ There are very few cases which afford much assistance in the interpretation and application of § 7. The cases applying statutes in force prior to the Uniform Limited Partnership Act cannot be relied on since the uniform act was drawn to overcome the strict interpretations which were frustrating the purpose of statutory limited partnerships. Gilman Paint & Varnish Co. v. Legum, 1951, 197 Md. 665, 80 A.2d 906.

The cases that do interpret and apply § 7 contain some elements which aid in reaching a decision here. In Rathke v. Griffith, 1950, 36 Wash.2d 394, 218 P.2d 757, 18 A.L.R.2d 1349, the copartners had drawn by-laws that provided that the affairs of the partnership should be handled by a board of directors and named the defendant, a purported limited partner, as one of the directors. But in view of testimony that the defendant had never functioned as a director, the court refused to hold that this arrangement itself constituted participation in control of the business sufficient to make the defendant generally liable. In the instant case the only conduct relied on to charge appellees as general partners is

the signing of the limited partnership agreement. By analogy to the Rathke case, this does not constitute participation such as to impose general liability.

Paul L. Sriberg could have been discharged at any time by the general partner. This would lead to the surrender of the interest of the trust for his children and the end of any necessity for joint signing by Sriberg and the general partner. This factor makes the case somewhat analogous to Grainger v. Antoyan, 1957, 48 Cal.2d 805, 313 P.2d 848, in which the defendant was authorized to co-sign the checks, but they also could be signed without him. There the court held that, with no other evidence of taking part in control of the business, the defendant was not subject to general liability. The power here to discharge Sriberg and terminate any apparent control clearly distinguishes this case from Holzman v. De Escamilla, 1948, 86 Cal.App.2d 858, 195 P.2d 833, in which the purported limited partners were necessary to the issuance of any checks and, indeed, could issue checks without the general partner's approval. There general liability was imposed.

In our view of these cases the ground solely relied on by the appellant to charge appellees with general liability is insufficient to constitute taking part in the control of the business.

It is unnecessary, therefore, to consider appellees' contention of non-liability by a timely renunciation under § 11 of the Act, relying on the assignment of the limited partnership interests by appellees.

Appellees request this court to disavow language used by the district court as to the defendant trustees becoming partners in their individual, rather than representative, capacities. Since, however, appellees did not make any request to the district court for modification of its opinion, and appellees are in no way aggrieved by the statement, we find it unnecessary to express any opinion on this point.

Judgment will be entered affirming the judgment of the district court.