BARBRO REALTY Co., Plaintiff, v ROBERT L. NEWBURGER et al., as General Partners of Newburger, Loeb & Co., Defendants.

First Department, June 29, 1976

*David Benjamin* of counsel *(Kenneth M. Block* and *Hilton M. Weiner* with him on the brief; *Demov, Morris, Levin & Shein,* attorneys), for plaintiff.

*Osmond K. Fraenkel* for William A. McGovern and others, defendants.

*Per Curiam.* This controversy was submitted to the court for resolution on an agreed statement of facts pursuant to CPLR 3222.

In December, 1964, the predecessor of the plaintiff Barbro Realty, as landlord, entered into a written lease agreement with Newburger, Loeb & Co., as tenant, for premises located at 66 Beaver Street in New York City. The 1964 lease was for occupancy of the 10th and 14th floors. In February, 1965, an additional lease agreement was entered into for the 12th floor. In June, 1969, the 10th floor lease agreement was modified.

In February, 1971, the partnership tenant assigned its interest in the leases to Newburger, Loeb & Co., Inc. for the remainder of the lease period. The assignment contained a clause stating that the partnership was in no way relieved or released from its duties and obligations during the remainder of the term of the leasehold. In April, 1974, there was a default in payment of rent, at which time the defendants did not physically occupy the premises.

Five defendants are participating in this submission, all of whom were partners in Newburger, Loeb & Co.: William A. McGovern became a partner in January, 1966; Sanford Roggenburg in January, 1969; and Edmund Rubin, Charles Sloane, and Joseph L. Searles, III, in January, 1970. McGovern and Roggenburg were partners at the time of the modification agreement of June, 1969. The other three partners were not affiliated with the firm at the time the lease agreements were either signed or modified. Sloane is no longer affiliated with Newburger, Loeb & Co.

The articles of limited partnership in effect when the defendants became partners contained no express assumption of pre-existing liabilities and obligations.

In April, 1974 there was a default in payment of rent, at which time neither the partnership nor the five defendants physically occupied the premises in question, though, by virtue of the terms of the assignment, the partnership remained liable for the payment of rent.

The partnership assets in the case at bar are insufficient to pay the rent due, and the question therefore posed is whether the general partners may be held individually liable therefor.

We hold in favor of the landlord and find that the defendant partners are individually liable for the moneys due.

Section 28 of the Partnership Law excludes an incoming partner from personal liability for pre-existing partnership debts. These debts may, however, be satisfied out of partnership property.

We find that the obligation to pay rent does not constitute a pre-existing debt. The lease agreement may have been executed prior to the entry of the defendants into the partnership, but the rent as a debt arose only when it became due (*Matter of Ryan,* 294 NY 85, 95; *Glassman v Hyder,* 23 NY2d 354, 358-359), and accordingly the defendants, who were partners at the time of the default, may be held personally liable therefor (*Ellingson v Walsh, O'Connor & Barneson,* 15 Cal 2d 673).

There is an additional factor in this case; namely, that the partnership was not in physical possession of the premises at the time of the default. However, this factor cannot operate to relieve the defendant of liability. The partnership, in assigning its right, title and interest in the leases in question to Newburger, Loeb & Co., Inc., included in the assignment a provision that the partnership as assignor would not be relieved of its duties and obligations under the lease. Furthermore, the assignment was not to be deemed a waiver or release of any rights the landlord may have against the assignor.

We parenthetically note that the parties have stipulated that Charles Sloane has preserved his defense based on lease provisions exonerating withdrawing partners. Furthermore, it has been stipulated that the assessment of damages has not been submitted to the court for consideration.

Accordingly, we direct that judgment be entered in favor of the landlord against all the participating defendants with the exception of the defendant Sloane, insofar as he has preserved his defense as stipulated, with costs and disbursements to plaintiff.

MARKEWICH, J. P., MURPHY, SILVERMAN, CAPOZZOLI and LANE, JJ., concur.

Submission of controversy pursuant to CPLR 3222. Judgment unanimously entered in favor of the landlord against all the participating defendants with the exception of the defendant Sloane, insofar as he has preserved his defense as stipulated. Plaintiff shall recover of defendants McGovern, Sanford Roggenburg, Rubin and Searles one bill of $60 costs and disbursements of this submission of controversy.