

# The Attorney General of Texas

August 16, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Richard D. Latham
Securities Commissioner
State Securities Board
709 Lyndon Baines Johnson Building
Austin, Texas 78711

Opinion No. H-1229

Re: Voting rights in limited partnerships.

Dear Mr. Latham:

You have asked a number of questions regarding the Texas Uniform Limited Partnership Act, article 6132a, V.T.C.S. You state that the North American Securities Administrators Association (hereinafter NASAA), of which the State Securities Board is a member, has promulgated guidelines for registration of certain securities. Recently, NASAA amended its guidelines for the registration of oil and gas programs to revise the voting rights accorded to limited partner participants in such programs. The amendment provides:

> Section VII.F. Voting Rights of Limited Partners
>
> To the extent the law of the state of organization is not inconsistent, the limited partnership agreement must provide that holders of a majority of the then outstanding units may, without the necessity for concurrence by the general partner, vote to (a) amend the limited partnership agreement or charter document, (b) dissolve the program, (c) remove the general partner and elect a new general partner, (d) elect a new general partner if the general partner elects to withdraw from the program, (e) approve or disapprove the sale of all or substantially all of the assets of the program, and (f) cancel any contract for services with the sponsor or any affiliate without penalty upon sixty days notice.

You first ask whether the grant or exercise of any of the six NASAA voting rights would, pursuant to article 6132a, subject a limited partner to liability in Texas as a general partner. We note initially that these six rights would be subject to additional requirements of Texas law. See V.T.C.S. art. 6132a, S 26.

Section 8 of article 6132a provides:

> A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he <u>takes part in the control of the business.</u>

(Emphasis added). Neither the Act itself nor the decisions construing it furnish much guidance as to the meaning of "control." <u>See</u> Crane & Bromberg, <u>Partnerships</u> 147 (1968). Since section 11 of article 6132a specifically grants to a limited partner certain rights, it has been suggested that this listing is exclusive, and that any other act by a limited partner constitutes "control of the business." Other portions of the statute, however, confer additional rights upon a limited partner, such as the right to transact business with the partnership (section 14), the right to assign his interest (section 20), and the right of approval of all amendments to the partnership certificate (section 26).

The few relevant cases from other jurisdictions which have adopted the Uniform Act demonstrate that the courts approach each particular fact situation on its merits, without attempting an all-inclusive definition of "control." <u>See</u> W. E. Sell, <u>An Examination of Articles 3, 4, and 9 of the Revised Uniform Limited Partnership Act</u>, 9 St. Mary's L.J. 459, 463 (1978). Two criteria have emerged from these decisions, however, which may be useful in addressing your inquiry. In the first place, courts in other jurisdictions seem to agree that a limited partner becomes liable as a general partner only when he actually "takes part in control of the business." They conclude that the mere <u>grant</u> of any right of control, no matter how broad, to a limited partner is not sufficient; exercise of a right of control is essential to the imposition of liability. <u>Plasteel Products Corp. v. Helman</u>, 271 F.2d 354, 356 (1st Cir. 1959); <u>Rathke v. Griffith</u>, 218 P.2d 757 (Wash. 1950). Furthermore, in virtually every instance in which liability has been imposed upon a limited partner, that individual has been involved in the day-to-day management of the partnership. <u>See, e.g.</u>, <u>Weil v. Diversified Properties</u>, 319 F. Supp. 778, 783 (D.D.C. 1970); <u>Holzman v. De Escamilla</u>, 195 P.2d 833, 834 (Cal. Dist. Ct. App. 1948); <u>Trans-Am Builders, Inc. v. Woods Mills, Ltd.</u>, 210 S.E.2d 866 (Ga. Ct. App. 1974); <u>Gast v. Petsinger</u>, 323 A.2d 371, 375 (Pa. Super. Ct. 1974).

With respect, then, to each of the NASAA voting rights, the mere grant of such right to a limited partner, without more, would probably not subject him to liability in Texas as a general partner. As to the exercise of those rights, our answer must depend largely upon whether those activities may be fairly said to involve the day-to-day management of the partnership.

Section 26(a)(2) of article 6132a requires that any amendment to the partnership certificate "[b]e signed and sworn to by all members. . . ." Since the Act itself thus provides that limited partners shall be participants in the amending process, it seems clear that such participation should not be deemed to constitute "control of the business." We note, however, that a vote to amend by limited

partners holding "a majority of the ... outstanding units," and "without the necessity for concurrence by the general partner," is itself, in the absence of a petition to a district court under section 26(c), contrary to the requirement of section 26(a)(2), that any amendment "[b] e signed and sworn to by all members."

Neither do we believe that dissolution or election of a new general partner are acts which may be characterized as "control of the business," since they are acts in which each limited partner must specifically acquiesce under sections 25(b) and 26(a)(2). Again, however, to the extent that the NASAA voting rights permit limited partners to act without the concurrence of the general partner, it is our view that they are inconsistent with the requirement of section 26(a)(2).

As to the fifth NASAA voting right, we do not believe that the mere approval or disapproval of the sale of all or substantially all of the assets of a program constitutes "control of the business." As one authority has noted, a right of initiation involves far more "control" than does the bare right of approval. Crane & Bromberg, Partnerships 147-48 n.37. The right to approve the sale of most of a partnership's assets is certainly no greater than the right to approve the dissolution of a partnership, which right is specifically conferred upon limited partners. (But again, the Texas Limited Partnership Act requires that the limited partners be unanimous in their action.)

The sixth NASAA voting right, which permits limited partners controlling a majority of outstanding units to "cancel any contract for services with the sponsor or any affiliate without penalty upon sixty days notice," is one which, in our opinion, would result in interference in the day-to-day management of the partnership. In summary, it is our opinion that the mere grant of any or all of the six NASAA voting rights would not subject a limited partner to liability in Texas as a general partner under article 6132a. The exercise of the first five of those rights would not as a rule impose such liability, but the exercise of the sixth right would probably subject the limited partner to liability as a general partner. Of course, your question requires that we address the issue generally, and we offer no opinion as to whether a particular fact situation relating to a specific partnership might produce a different result.

You also ask whether the grant or exercise of any of the six NASAA voting rights would subject a limited partner to liability in Texas if the limited partnership has been formed under the limited partnership laws of another state. If the limited partnership has qualified to "transact business in Texas" pursuant to section 32(b) of article 6132a, the statute provides that the

> foreign limited partnership shall enjoy the same rights and privileges, and shall be subject to the same duties, restrictions, and liabilities, as a limited partnership formed under this Act, but its internal affairs and the liabilities of its limited partners shall be governed by the laws of the jurisdiction of its formation.

Section 32(c). (Emphasis added). Thus, as to a limited partnership formed under the laws of another state but qualified to do business in Texas, the question of liability is totally dependent upon the law of the state in which the partnership was formed.

If the limited partnership was formed under the laws of another state, but has not qualified to transact business in Texas under section 32(b), section 32(k) provides that section 32

> shall not give rise to an inference as to the law governing
> ... (2) a foreign limited partnership ... which does not
> qualify hereunder.

This provision indicates that a failure of an out-of-state limited partnership to comply with the qualification procedures of section 32 will not necessarily result in the imposition of general liability upon the limited partners. We believe that, in the case of a limited partnership which does not qualify under the statute, general choice-of-law rules must be held to prevail. Such rules indicate that liability should be determined by the local law of the state which, with respect to the particular transaction at issue, has the most significant relationship to the partnership and to the transaction. See Restatement (Second) of Conflict of Laws SS 291-95 (1971).

Your final question inquires about the validity of a limited partnership formed under article 6132a and having a corporation as its sole general partner. Article 6132a itself defines a limited partnership as one "formed by two (2) or more persons ..." (emphasis added). The Texas Uniform Partnership Act, article 6132b, V.T.C.S., is applicable to limited partnerships except where its provisions are inconsistent with those of article 6132a. V.T.C.S. art. 6132b, S 6(2). Article 6132b includes corporations in its definition of "person." Sec. 2. Furthermore, in 1973, the Texas Business Corporation Act was amended to provide that every corporation shall have the power "[t]o be an organizer, partner, member, associate or manager of any partnership. . . ." Bus. Corp. Act art. 2.02A(18). From the language of the relevant statutes, then, it would appear that, at least since 1973, Texas law has recognized the validity of a limited partnership having a corporation as its sole general partner.

In 1945, however, the Supreme Court had declared it to be "against the public policy of this state" for a corporation to be a member of a limited partnership. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 191 S.W.2d 716, 722 (Tex. 1945). In Port Arthur Trust Co. v. Muldrow, 291 S.W.2d 312 (Tex. 1956), the Court created an exception to the Luling rule to permit a corporation to serve as a limited partner. 291 S.W.2d at 315. On the basis of this decision, the Court of Civil Appeals held, in a 2-1 decision in Delaney v. Fidelity Lease Ltd., 517 S.W.2d 420 (Tex. Civ. App. — El Paso 1974), that it is "permissible in this State to form a limited partnership where a corporation is the only general partner." 517 S.W.2d at 423. In rejecting this portion of the lower court's opinion, the Supreme Court declared, in a unanimous decision:

> The court had no point of error before it requiring such statement to be made. Its accuracy depends upon the scope of the corporate charter, Luling Oil & Gas Co. v. Humble Oil & Refining Co. . . . and upon whether we should extend our holding in Port Arthur Trust Co. v. Muldrow . . . to sanction corporations acting as general partners, in a statutory limited partnership.

Delaney v. Fidelity Lease, Ltd., 526 S.W.2d 543, 546 (Tex. 1975).

Professor Hamilton, in an article in the Southwestern Law Journal, strongly criticized the Supreme Court's remarks in Delaney. Hamilton, Corporations, 30 S.W.L.J. 153-159 (1976). He pointed out that the court did not regard the clear language of two statutes, the Texas Uniform Partnership Act and the Texas Business Corporation Act, as factors to be considered in determining whether a corporation may serve as the sole general partner in a limited partnership. We are not at liberty, however, to ignore the Supreme Court's language, particularly within the context of a unanimous decision. In our view, that language implies that the court would be reluctant to extend further the exception created by the Muldrow decision. It is of course possible that the court, when presented with a properly preserved point of error, supported by briefs which emphasize the appropriate statutory language of the two relevant statutes, will follow the lower court's majority opinion in Delaney. But such a possibility is speculative and, in our opinion, an insufficient basis for ignoring the court's ruling in Luling, which remains the last expression of the Supreme Court on the question at issue. On the basis of the court's language in Delaney, we do not believe that a corporation may, in Texas at this time, serve as the sole general partner of a limited partnership.

## SUMMARY

> The mere grant of any or all of the six "voting rights of limited partnerships" promulgated by the North American Securities Administrators Association would probably not subject a limited partner to liability in Texas as a general partner under article 6132a, V.T.C.S. The exercise of the first five of those rights would not as a rule impose such liability but the exercise of the sixth right would probably subject the limited partner to liability as a general partner, and the exercise of any of them without the consent of all partners would be contrary to the requirements of section 26 of the Act. On the basis of the Supreme Court's language in Delaney v. Fidelity Lease, Ltd., 526 S.W.2d 543 (Tex. 1975), a corporation may not, in Texas at this time, serve as the sole general partner of a limited partnership.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn