■ 59TH AND PARK ASSOCIATES, Appellant, v ELIHU INSELBUCH, as Executor of JOHN M. DRYFOOS, Deceased, et al., Defendants, and DRYFOOS & Co. et al., Respondents.—Order, Supreme Court, New York County, entered December 9, 1977, denying plaintiff's motion for summary judgment and granting defendant Lamm's cross motion for summary judgment, severing and dismissing the action and directing entry of judgment in favor of said defendant is modified, on the law, to grant, on the issue of liability only, partial summary judgment against defendants Dryfoos & Co. and Herbert Swarzman in his individual and agency capacity as liquidator, and in favor of defendant Klineman, summary judgment dismissing the complaint as to him, and is otherwise affirmed, without costs or disbursements. The plaintiff leased two floors of its building to a partnership brokerage firm in 1969 for a 15-year term which allowed the tenant to sublet one floor. The lease was signed for the partnership by defendant Herbert Swarzman. Over the years new partners joined and other partners withdrew. The partnership was finally dissolved on September 30, 1973, and on March 1, 1974, the liquidating partners entered into a surrender agreement with landlord who reserved all rights under the 1969 lease and did not, by accepting surrender of the premises, release the defendants from the terms and conditions of the lease. The landlord also had the right to collect rents from the subtenants and credit them to the account of the defendants. Defendant Klineman was a partner at the time Swarzman negotiated the lease for the partnership and Lamm later became a general partner in February, 1970. Klineman withdrew from the partnership in January, 1972 and Lamm did likewise in August, 1973. The action concerns rent allegedly due after March 1, 1974, and by amended complaint, plaintiff seeks recovery of rent through July, 1977. The complaint names as defendants the original and six successor partnerships as well as 21 former general partners. Defendants Lamm and Klineman occupy similar positions with respect to the plaintiff: they both withdrew from the partnership before the default. But, they differ in that only Lamm joined the partnership after the lease was entered. Lamm crossmoved for dismissal on the theory that he had withdrawn from the partnership prior to default, and the trial court correctly granted the motion citing section 28 of the Partnership Law which reads as follows: "A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that his liability shall be satisfied only out of partnership property." Thus, any obligation Lamm might have as a partner could not be satisfied by proceeding against his personal assets which plaintiff here seeks to do. Plaintiff cites *Barbro Realty Co. v Newburger* (53 AD2d 34) as dispositive. Plaintiff's analysis is not quite accurate. There is a distinction in that Lamm and Klineman had withdrawn, and in *Barbro* the five defendants had not withdrawn from the partnership. In *Barbro* the court said (p 36): "We find that the obligation to pay rent does not constitute a pre-existing debt. The lease agreement may have been executed prior to the entry of the defendants into the partnership, but the rent as a debt arose only when it became due *(Matter of Ryan,* 294 NY 85, 95; *Glassman v Hyder,* 23 NY2d 354, 358-359), and accordingly, the defendants who were partners at the time of the default, may be held personally liable therefor". Herbert Swarzman was the only defendant in active partnership at the time of default and is thus personally obligated. In *Ryan (supra,* p 95) the court concluded that the covenant to pay rent creates

no debt until the time stipulated for payment arrives, and that the obligation to pay rent is " 'altogether contingent.' " (See, also, *Kottler v New York Bargain House,* 242 NY 28.) Here defendants Lamm and Klineman had withdrawn from the partnership before the time stipulated for payment; hence, there was no debt at time of withdrawal. The remaining partners may elect to continue the business, but no future obligation may serve to bind the withdrawn partners. To go further, when Klineman withdrew from the partnership, the partnership was dissolved and the partnership certificate was amended to reflect his withdrawal and to reflect the fact that the partnership was succeeded by a new partnership. The withdrawal agreement also indemnified Klineman against any claims attributable to any matter occurring after his withdrawal. Plaintiff was given a copy of the withdrawal agreement, and to make certain plaintiff was on notice, Klineman sent a copy of the withdrawal agreement along with a notice of his withdrawal to plaintiff. Klineman now argues that pursuant to the indemnification agreement he became, at most, a surety for the debts of the partnership as against any creditor with knowledge of his withdrawal. In 1974, plaintiff and the liquidating partners entered into a "surrender agreement" embodying several material changes in the relationship of the parties. Klineman was never consulted with respect to this agreement, was not advised of its existence and never consented to its execution. Here again, if the court could find that Klineman had an obligation, his liability would be clearly limited by statute. Subdivision 3 of section 67 of the Partnership Law reads: "Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations." The agents in liquidation for the successor partnership had no authority to bind Klineman to the terms of the surrender agreement, executed two years after his withdrawal from the precursor partnership. Plaintiff's rights could be derived only from the terms of the surrender agreement and not from the lease that was terminated pursuant thereto, and clearly Klineman was not a party to the surrender. Concur—Birns, J. P., Evans and Sullivan, JJ; Fein and Lupiano, JJ., concur in separate memoranda, as follows:

Fein, J. (concurring). I concur in result. With respect to Klineman, I concur only upon the ground that the execution and delivery of the surrender agreement, at a time when there was no default and when he was no longer a partner, terminated any contingent liability he may have had since it affected whatever rights he had under the lease, without his consent.

Lupiano, J. (concurring). I concur in the majority view that the order appealed from should be modified to the extent of granting plaintiff summary judgment against defendants Dryfoos & Co. and Swarzman as to liability and in favor of defendant Klineman dismissing the complaint as to him and, as so modified, the judgment should be affirmed. With respect to defendant Peter Lamm, I have concluded that plaintiff landlord cannot impose liability because the default in paying rent did not occur while he was a partner, but occurred after his withdrawal from the partnership *and* the obligation to pay rent represented by the lease agreement was incurred before his admission into the partnership. With respect to defendant Kent M. Klineman, I recognize that the lease agreement was entered into by the partnership while he was a partner, but that the default occurred after he was no longer a partner. However, close reading of the record will disclose

the following undisputed facts: When Klineman withdrew as a general and limited partner in Dryfoos & Co. on January 31, 1972, the certificate of limited partnership on February 25, 1972 was amended to reflect the fact that Klineman had withdrawn as a general and limited partner and to reflect the fact that the partnership was succeeded by a new partnership entitled Dryfoos & Black & Co. Defendant Klineman specifically requested Herbert Swarzman, managing partner of the succeeding partnership, to notify plaintiff of Klineman's withdrawal and to provide plaintiff with a copy of the withdrawal agreement which indemnified Klineman against any claims, lawsuits, liabilities and costs attributable to any matter occurring after his withdrawal. In addition, to assure plaintiff was so advised, Klineman sent a second copy himself of the withdrawal agreement, along with written notification of his withdrawal, to plaintiff. At the time that Klineman withdrew, no default existed under the lease. On March 1, 1974, plaintiff and the agents in liquidation of the successor partnership entered into a "surrender agreement" whereby plaintiff acquired possession of the premises, thereby terminating the lease, and received in return an assignment of all subleases in which the successor partnership was sublessor and obtained the security deposits received by the successor partnership from its subtenants. The surrender agreement was executed by the agents in liquidation for the dissolved successor partnership. Defendant Klineman was never consulted with respect to this agreement, was not advised of its existence and never consented to its execution. At the time of the surrender agreement, no default existed with respect to the lease. It is well recognized by many authorities that when a partner transfers his interest in the partnership assets and retires from the partnership, he occupies the position of a surety, not only as between himself and the continuing partners, but as to all others who have had dealings with the partnership to whom notice of the new contract has been brought. Whether the retiring partner has been indemnified or obtained an indemnification agreement with respect to the payment of any firm debts which he may be called upon to make is immaterial, and his position remains only that of a surety for his former partners. Under this rule, creditors are bound to respect the suretyship relation thus existing, and any dealings with the partner continuing the partnership, that is, continuing the successor partnership, must be had with due regard to the rights of the retiring partner as surety or he will be discharged. (See *Colgrove v Tallman,* 67 NY 95; cf. Partnership Law, § 67, subd 3.) When a tenant offers to surrender possession of premises to a landlord prior to the expiration of the lease term and the landlord accepts such surrender, all future liability of the tenant for rent under the lease thereby terminates *(Herter v Mullen,* 159 NY 28). At the time of the surrender, plaintiff had not asserted a default and the rent had been paid in full. Absent execution of the surrender agreement, plaintiff would have had no right to obtain possession of the premises. Plaintiff attempted to preserve its rights against all former withdrawing partners in the surrender agreement, but with respect to Klineman, did not obtain his consent. The agents in liquidation for the succeeding subsequent partnership had no authority to bind Klineman to the terms of the surrender agreement. He cannot be bound by an agreement entered into more than two years after the partnership in which he was a partner was dissolved. Thus, the termination of the lease effectively discharged Klineman from any of his obligations thereunder. Plaintiff's rights could be derived only from the terms of the surrender agreement and not from the lease which was terminated pursuant thereto, and Klineman was not a party to the surrender agreement. Therefore, there

is no basis to predicate liability against Klineman. From a procedural point of view, it must be noted that plaintiff moved for summary judgment against all the defendants. Defendant Lamm specifically cross-moved for summary judgment in his favor. Defendant Klineman, while not specifically requesting summary judgment in his favor, put in his own personal affidavit and an affidavit of his attorney in opposition to plaintiff's motion for summary judgment. Examination of plaintiff's moving papers and defendant Klineman's papers in opposition clearly raises the legal issues set forth above. Not only that, but plaintiff replied to defendant Klineman's statement that he was released by the surrender. CPLR 3212 (subd [b]) specifically provides that if it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross motion. It is well recognized that summary judgment "searches the record" (see *Wiseman v Knaus,* 24 AD2d 869).