■ C. E. HOOPER, INC., Respondent, v PERLBERG, MONNESS, WILLIAMS & SIDEL et al., Defendants, and ADRIAN R. KRISTELLER, Appellant.—Order, Supreme Court, New York County, entered March 2, 1979, denying defendant's motion to dismiss the fifth cause of action, unanimously reversed, on the law, with costs and disbursements, and the motion granted. In the exercise of discretion such dismissal is granted without prejudice to an application by plaintiff at Special Term for leave to replead. Neither defendant nor the successor partnership of which he became a general partner five and one-half years after its execution ever signed the lease in question. It is uncontroverted that six months before the tenant's default in

the payment of rent, defendant withdrew from the successor partnership and in accordance with his agreement with that firm, also withdrew his capital contribution. Defendant was not a member of the partnership at the time of default. Moreover, the partnership of which he had been a member was dissolved by operation of law at the time of his withdrawal. (See Partnership Law, §§ 60, 62.) Clause (c) of paragraph 10 of the lease, the sole basis upon which plaintiff relies to bind defendant personally to the tenant's rent obligation, provides, *inter alia,* as follows: "Each person hereafter admitted as a general partner of Tenant during the term hereof shall be deemed to have assumed, jointly and severally, all of the obligations of Tenant under this [lease], from and after the date upon which he is admitted as a general partner of Tenant, together with each of the other general partners thereof." The motion to dismiss (CPLR 3211, subd [a], pars 1, 7) should have been granted. Absent an express assumption of the lease obligations by defendant or the successor partnership of which he became a member, such a clause does not operate to bind, in his individual capacity, a party subsequently admitted to the partnership and not a member at the time of default. *(59th & Park Assoc. v Inselbuch,* 68 AD2d 838.) "A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that his liability shall be satisfied only out of partnership property." (Partnership Law, § 28.) Although no express assumption is pleaded nor, indeed, shown in this record, we are mindful that no pretrial disclosure had been conducted before defendant moved. Accordingly, our dismissal is without prejudice to an application to plead a cause of action on an express assumption or any other cause of action available against defendant on a showing at Special Term of sufficient facts to justify granting such leave. (CPLR 3211, subd [e]; see *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133.) Concur—Murphy, P. J., Sullivan, Bloom, Lupiano and Ross, JJ.