■ 600 PARTNERS Co., Appellant, v STEVEN A. BERGER et al., Defendants, and JEROME TARNOFF et al., Respondents. [666 NYS2d 158] —Orders, Supreme Court, New York County (Leland DeGrasse, J.), entered June 19, 1996 and on or about October 8, 1996, which granted defendants-respondents' motions for reargument of prior orders that denied their motions to dismiss the complaint as against them for failure to state a cause of action, and, upon reargument, granted the motions, unanimously affirmed, with costs.

Since defendant partnership did not default on its rent until after both of the individual defendants involved in this appeal had already resigned from the firm, such defendants cannot be held liable for such rent, absent an agreement to the contrary (see, C. E. Hooper, Inc. v Perlberg, Monness, Williams & Sidel, 72 AD2d 687, appeal dismissed 49 NY2d 736; 59th & Park Assocs. v Inselbuch, 68 AD2d 838). Here, the lease upon which plaintiff relies provided that "[a]ny partner of Tenant who retires from the partnership and the estate of any deceased partner shall, upon such partner's retirement or death, be immediately released hereunder and under [the accompanying] guaranty as to any liability with respect to the period after such retirement or death, provided that at least eight (8) partners of Tenant remain liable hereunder and under the guaranty". We reject plaintiff's argument that because new partners had not signed the guarantee, the partnership had less than eight partners potentially liable thereunder at the time of defendants-respondents' withdrawals (Partnership Law § 28). We have considered plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli and Colabella, JJ.